**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



OLIVIA QUIROZ-ROMAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70973

Agency No. A077-234-195

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2020[**]
Pasadena, California

Before:  SCHROEDER and COLLINS, Circuit Judges, and BAYLSON,[***] District Judge.

Petitioner Olivia Quiroz-Roman, a native and citizen of Mexico, petitions

for review of the decision of the Board of Immigration Appeals (BIA) affirming

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

the Immigration Judge's (IJ) denial of her application for withholding of removal and relief under the Convention Against Torture (CAT). We deny the petition.

**1.** The BIA upheld the IJ's denial of withholding on the basis of the adverse credibility finding. Substantial evidence supports the BIA's determination.

The IJ supported the adverse credibility finding with observations of Petitioner's demeanor. Such a determination is entitled to deference, because "IJs are in the best position to assess demeanor," and the IJ provided specific cogent reasons for its determination. *Shrestha v. Holder*, 590 F.3d 1034, 1041–42 (9th Cir. 2010).

Petitioner also omitted information in her reasonable fear interview. In her application for relief, Petitioner expressed fear of abuse at the hands of a man named Mario, a member of a smuggling group, who knew that she had testified against the leader of the smuggling group in the past. Petitioner explained that Mario knew her by the name "Vero," but in her prior reasonable fear interview, Petitioner told an immigration officer she used no aliases. The IJ provided Petitioner the opportunity to explain this omission, and she said she "overlooked it." The IJ found this omission to be critical and so rejected her explanation. This rejection is not in error. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir.

2

2011) (upholding adverse credibility finding where petitioner omitted information forming the basis of asylum application).

Finally, there were numerous inconsistencies between Petitioner's testimony in her hearing before the IJ and her prior asylum interviews. For example, there were inconsistencies with respect to the number of people involved in a 2014 kidnapping incident that occurred when she had previously attempted to enter the United States. There were also inconsistencies regarding her last date of entry into the United States. The IJ again provided Petitioner with the opportunity to explain these inconsistencies, but ultimately rejected Petitioner's explanations as unpersuasive, providing specific reasons for doing so. The IJ thus properly relied upon these inconsistencies in finding Petitioner not credible. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation ... the IJ may properly rely on the inconsistency as support for an adverse credibility determination.") (citation omitted).

Because the IJ's assessment of Petitioner's demeanor along with the omissions and inconsistencies in her testimony are sufficient to support the adverse credibility finding, we do not address the BIA's alternative reasons for affirming the IJ's determination as to withholding of removal.

**2.** Substantial evidence also supports the BIA's conclusion that Petitioner is not eligible for CAT protection. Petitioner's claim for relief is based on the testimony the BIA deemed not credible, and the country conditions evidence Petitioner presents does not compel the conclusion that she will more likely than not experience future torture with government consent or acquiescence. *See* 8 C.F.R. § 1208.18(a)(1). Moreover, Petitioner failed to argue to the BIA that she is unable to relocate, or that relocation would not eliminate the threats of future torture she alleges. *See* 8 C.F.R. § 1208.16(c)(3)(ii).

**3.** Petitioner's motion for stay pending appeal, Docket No. 1, is denied as moot.

**PETITION DENIED.**